IN THE UNITED STATES DISTRUCT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MICHAEL POWERS, #157713**                                                             **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 5:17cv-26-KS-MTP**

**JODY BRADLEY, et al.**                                                **DEFENDANTS**

### ANSWER OF DEFENDANT NURSE UNKNOWN ROBINSON

COMES NOW, Defendant Nurse Unknown Robinson, whose correct name is Kerry Robinson, ("Nurse Robinson" or "Defendant") and files her Answer and Affirmative Defenses to Plaintiff Michael Powers's ("Plaintiff's") Complaint, and in support thereof, shows the Court as follows:

### First Defense

The Complaint fails to state a claim against Nurse Robinson upon which relief may be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Defense

Nurse Robinson was not deliberately indifferent to the serious medical needs of the Plaintiff.

### Third Defense

Plaintiff's complaints are barred to the extent the Plaintiff has failed to comply with the Administrative Remedy Program.

### Fourth Defense

Nurse Robinson is not responsible for the acts of any other person.

### Fifth Defense

Plaintiff's claims are barred by the applicable statute of limitations and/or the doctrine of laches.

### Sixth Defense

Nurse Robinson pleads all applicable provisions of the Prison Litigation Reform Act as a bar to the Plaintiff's claims or as a limitation of liability, which is denied.

### Seventh Defense

Plaintiff is subject to the provisions of 28 U.S.C. § 1915.

### Eighth Defense

The Plaintiff's Complaint lacks merit, is frivolous, and fails to state a claim and therefore should be dismissed with a "strike" in accordance with the Prison Litigation Reform Act.

### Ninth Defense

Plaintiff's claims are barred by the doctrines of res judicata and estoppel.

### Tenth Defense

The damages allegedly suffered by Plaintiff, if any, were the result of Plaintiff's own acts.

### Eleventh Defense

The facts not having been developed, Defendant adopts the following affirmative defenses: comparative fault, duress, illegality, waiver, and any other matter constituting an affirmative defense as may be shown by the facts in this cause.

### Twelfth Defense

Defendant asserts any alleged conduct or omission on his part was not the cause of injury alleged by Plaintiff.

### Thirteenth Defense

Plaintiff's claims against Defendant are barred in whole or in part, because Plaintiff's injuries, if any, were caused by an independent intervening cause(s) which Defendant did not control, have a right to control, or have any influence over.

**Fourteenth Defense**

Defendant at all times acted in conformity with or exceeded the applicable minimally acceptable standard of care, which would be rendered by a reasonably prudent person under the same or similar circumstances.

**Fifteenth Defense**

Nurse Robinson is immune under the federal doctrine of qualified immunity.

**Sixteenth Defense**

Nurse Robinson is immune under Mississippi state law.

**Seventeenth Defense**

Nurse Robinson is immune from liability under the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1, et seq. (Rev. 2002 & Supp. 2011).

**Eighteenth Defense**

Plaintiff has not exhausted administrative remedies as required by 42 U.S.C. §1997e(a).

**Nineteenth Defense**

To the extent that Plaintiff's Complaint is making any claim under state law for medical negligence, Plaintiff has failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law, Miss. Code Ann. § 11-1-65(a), (c)(Supp. 2007), and Plaintiff did not attach the Notice required by Miss. Code Ann. § 15-1-36(15)(Rev. 2003) and did not attach the Certificate required by Miss. Code Ann. § 11-1-58(Supp. 2007).

**Twentieth Defense**

Alternatively, Defendant demands application of Miss. Code Ann. § 85-5-7 (1972) and the appropriate apportionment of damages to all parties who may be liable to Plaintiff in direct proportion to their individual or respective percentage of fault or negligence.

**Twenty-First Defense**

Any and all of Plaintiff's alleged injuries and damages were caused by independent, intervening or superseding acts or omissions of others for whose actions Defendant has no liability, vicariously or otherwise, thus reducing any recovery to which the Plaintiff may be entitled against Defendant under the doctrine of comparative negligence. Miss. Code Ann. § 11-7-15 (1972).

**Twenty-Second Defense**

Defendant reserves the right to affirmatively plead any and all other defenses and affirmative defenses available to her which may become applicable through discovery and during the trial of this cause.

**Answer**

And now, having affirmatively pled her defenses, Nurse Robinson, answering the Complaint, states:

Defendant Nurse Robinson admits that at the time of the alleged incident, she was employed as a medical care provider by Centurion of Mississippi, LLP to provide medical services to the inmates incarcerated at the Wilkinson County Correctional Facility. She further admits Plaintiff was incarcerated at that facility.

Defendant further admits that this Court has jurisdiction over the Plaintiff's claims and that this Court is the proper venue for the filing of the Complaint.

Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations made in the Complaint against other Defendants and on that basis denies the same.

To the extent not expressly admitted above, Defendant denies each and every other allegation in the Complaint which makes a claim against her.  Defendant denies any claim or allegation that she committed any wrongfully act or omission, or otherwise committed any wrong against Plaintiff. She further denies any claim or allegation that Defendant denied Plaintiff needed medical care or that she

acted with deliberate indifference to any serious medical need of the Plaintiff. Defendant further denies that the Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Nurse Kerry Robinson denies that Plaintiff is entitled to any relief whatsoever and respectfully requests that the Court enter an Order and Final Judgment dismissing the Plaintiff's Complaint, with prejudice, at Plaintiff's costs with a strike under the PLRA and moves for general and such other relief as the Court deems appropriate.

Respectfully submitted, this the 7th day of September, 2017.

                      */s/ Michael L. Cowan*
                      Michael J. Bentley (MS Bar 102631)
                      Michael L. Cowan (MS Bar 104868)
                      ATTORNEYS FOR DEFENDANT NURSE KERRY ROBINSON

OF COUNSEL:

BRADLEY ARANT BOULT CUMMINGS, LLP
Suite 400, One Jackson Place
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789
Telephone:   (601) 948-8000
Facsimile:   (601) 948-3000

**CERTIFICATE OF SERVICE**

I hereby certify that I have filed the foregoing via the Court's CMC/ECF system, which will deliver copies to all counsel of record and a hard copy to the following:

Michael Powers, #157713
WCCF
2999 Hwy 61 North
WOODVILLE, MS 39669

This, the 7th day of September, 2017.

                                      */s/Michael L. Cowan*
                                      MICHAEL L. COWAN

4/520947.1